Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: 310/208-2800
Facsimile: 310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE COFFMAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COLUMBIA PROPERTY TRUST, INC., CARMEN M. BOWSER, JOHN L. DIXON, DAVID B. HENRY, MURRAY J. MCCABE, E. NELSON MILLS, CONSTANCE B. MOORE, MICHAEL S. ROBB, THOMAS G. WATTLES, and FRANCIS X. WENTWORTH, JR.,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

　　　　Plaintiff Catherine Coffman ("Plaintiff"), on behalf of herself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff against Columbia Property Trust, Inc. ("Columbia" or the "Company") and the members of Columbia's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Columbia will be acquired by investment funds managed by Pacific Investment Management Company LLC ("PIMCO" and such funds, the "PIMCO Funds") through the PIMCO Funds' affiliates Panther Merger Parent, Inc. ("Parent") and Panther Merger Sub, LLC ("Merger Sub") (the "Proposed Transaction").

2. On September 7, 2021, Columbia issued a press release announcing that it had entered into an Agreement and Plan of Merger, dated September 7, 2021 (the "Merger Agreement"), to sell Columbia to PIMCO. Under the terms of the Merger Agreement, each Columbia stockholder will receive $19.30 in cash for each share of Columbia common stock they own (the "Merger Consideration"). The Proposed Transaction is valued at approximately $3.9 billion.

3. On October 6, 2021, Columbia filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Columbia stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the Company's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley"). Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. In short, unless remedied, Columbia's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting decision on the Proposed Transaction. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company owns and operates over 1,400,000 square feet across five properties in this District; (ii) the Company maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Columbia.

9. Defendant Columbia is a Maryland corporation, with its principal executive offices located at 315 Park Avenue South, Suite 500, New York, New York 10010 and executive offices located at 650 California Street, Suite 200, San Francisco, California 94108. The Company operates

as a real estate investment trust ("REIT") for federal income tax purposes and owns and operates commercial real estate properties. Columbia's common stock trades on the New York Stock Exchange under the ticker symbol "CXP."

10. Defendant Carmen M. Bowser ("Bowser") has been a director of the Company since 2016.

11. Defendant John L. Dixon ("Dixon") has been a director of the Company since 2008.

12. Defendant David B. Henry ("Henry") has been a director of the Company since 2016.

13. Defendant Murray J. McCabe ("McCabe") has been a director of the Company since 2013.

14. Defendant E. Nelson Mills ("Mills") has been President of the Company since July 2010, Chief Executive Officer ("CEO") since February 2013, and a director since 2007.

15. Defendant Constance B. Moore ("Moore") has been Chair of the Board since December 31, 2020, and a director of the Company since 2017.

16. Defendant Michael S. Robb ("Robb") has been a director of the Company since 2015.

17. Defendant Thomas G. Wattles ("Wattles") has been a director of the Company since 2013.

18. Defendant Francis X. Wentworth, Jr. ("Wentworth") has been a director of the Company since 2020.

19. Defendants identified in paragraphs 10-18 are referred to herein as the "Board" or the "Individual Defendants."

**OTHER RELEVANT ENTITIES**

20. PIMCO is one of the world's premier fixed income investment managers. With its launch in 1971 in Newport Beach, California, PIMCO introduced investors to a total return approach to fixed income investing. PIMCO invests globally across commercial and residential real estate

equity and credit, performing and distressed corporate credit, and specialty finance markets – actively managing investments across the capital structure. In 2020, PIMCO and Allianz Real Estate combined their commercial real estate platforms, making it one of the largest in the world. On a combined basis, PIMCO manages over $180 billion in commercial real estate assets from offices across the globe. PIMCO is owned by Allianz S.E., a leading global diversified financial services provider.

21. Parent is a Delaware corporation and an affiliate of PMIT Operating LP, LVS III Holding LP, LVS IV Holding LP and OC III Holding LP (the "Sponsors"). The Sponsors are affiliates of funds managed by PIMCO.

22. Merger Sub is a Delaware limited liability company whose sole member is Parent.

23. Columbia Operating Partnership, L.P. ("Company OP") is a Delaware limited liability partnership. Columbia is the general partner of Company OP, owns 97.3% of Company OP, and includes the accounts of Company OP in its consolidated financial statements.

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

24. Conducting business primarily through Company OP, Columbia creates value through owning, operating, and developing storied properties for legendary companies in primary markets. The Company looks to acquire, develop, or redevelop strategic and premier office assets whose workplace environment appeals to quality tenants in target markets. Columbia concentrates on office buildings that are competitive within the top tier of their markets or that can be repositioned as such through value-add initiatives. In addition, Columbia's investment objectives include optimizing portfolio allocation between stabilized investments and more growth-oriented, value-add investments, with an emphasis on vibrant urban-core locations and best-in-class buildings with broad market appeal over the long-term.

25. As of December 31, 2020, the Company owned 15 operating properties and four properties under development or redevelopment, of which 10 were wholly owned and nine were owned through joint ventures, located primarily in New York, San Francisco, Washington, D.C., and Boston. As of December 31, 2020, the operating properties contained a total of 6.2 million rentable square feet and were approximately 95.6% leased. Columbia also provides asset and property management services for 8.0 million square feet of office space located primarily in its core markets. On January 24, 2020, the Company acquired Normandy Real Estate Management, a leading developer, operator, and investment manager of office and mixed-use assets in New York; Boston; and Washington, D.C.

26. On August 10, 2021, Columbia announced that the Board had declared a regular quarterly cash dividend of $0.21 per share, or $0.84 per share on an annualized basis, for the third quarter of 2021, payable on September 15, 2021, to shareholders of record as of September 1, 2021.

**The Proposed Transaction**

27. On September 7, 2021, Columbia issued a press release announcing the Proposed Transaction. The press release states, in relevant part:

> NEW YORK & NEWPORT BEACH, Calif -- Columbia Property Trust, Inc. (NYSE: CXP) today announced that it has entered into a definitive agreement to be acquired by funds managed by Pacific Investment Management Company LLC (collectively, "PIMCO"), one of the world's premier global investment management firms, for $3.9 billion including Columbia's proportionate share of consolidated and unconsolidated debt. Under the terms of the agreement, which has been unanimously approved by Columbia's Board of Directors, PIMCO will acquire all of the outstanding shares of Columbia common stock for $19.30 per share in cash. This represents a premium of approximately 27% over Columbia's unaffected closing share price on Friday, March 12, 2021. During this time period the high barrier office sector has traded down 5%.
>
> This transaction with PIMCO is the culmination of a comprehensive strategic review process undertaken by Columbia's Board of Directors which was publicly announced in the spring of this year. As part of this process, Columbia's Board and advisors invited nearly 90 potential counterparties to participate, including strategic acquirers, private equity firms and other investment management firms.

Constance Moore, Chair of the Columbia Board of Directors, said, "The Board of Directors is pleased to have reached this definitive agreement with PIMCO. This transaction provides Columbia shareholders with immediate and certain cash value at a significant premium to the Company's public market valuation, and we are confident it represents the best outcome for all Columbia shareholders."

Nelson Mills, President and Chief Executive Officer of Columbia, said, "Today's announcement represents the result of a comprehensive strategic review process and demonstrates the value and stability of Columbia's portfolio, the resiliency of our platform, and the capabilities of our team."

"We continue to believe that high-quality office buildings in major U.S. cities offer long-term value for our clients and Columbia has assembled a modernized, well-located portfolio of assets that we expect will perform well in the years ahead," said John Murray, PIMCO Global Head of Private Commercial Real Estate.

Francois Trausch, PIMCO Managing Director and Chief Executive Officer of Allianz Real Estate, added, "This is an exciting transaction and a great example of the strength of relationships within PIMCO's global real estate platform."

The transaction is expected to close as early as year-end, subject to approval by Columbia's shareholders and the satisfaction of other customary closing conditions. Upon completion of the transaction, Columbia's common stock will no longer be listed on the New York Stock Exchange.

Columbia shareholders will be entitled to receive the previously announced third quarter dividend of $0.21 per share payable on September 15, 2021. Thereafter, Columbia will not pay additional quarterly dividends during the pendency of the transaction.

Due to the pending acquisition, Columbia will not be holding a conference call for its third quarter 2021 business results after it releases earnings information.

Morgan Stanley & Co. LLC is serving as lead financial advisor to Columbia and Wachtell, Lipton, Rosen & Katz is serving as legal advisor. Eastdil Secured LLC and J.P. Morgan are also acting as financial advisors to Columbia.

Goldman Sachs & Co. LLC is serving as lead financial advisor to PIMCO and Latham & Watkins LLP and Milbank LLP are serving as legal advisors. Deutsche Bank Securities Inc. is also acting as a financial advisor to PIMCO. Cushman & Wakefield is acting as a real estate consultant to PIMCO.

**Insiders' Interests in the Proposed Transaction**

28.     Columbia insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Columbia.

29. Notably, Company insiders stand to receive substantial financial benefits for securing the deal with PIMCO. Under the terms of the Merger Agreement, all restricted share awards and performance unit awards will convert into the right to receive the Merger Consideration.

30. Moreover, if they are terminated in connection with the Proposed Transaction, Columbia's named executive officers stand to receive substantial cash severance payments, as set forth in the following table:

| Named Executive Officer | Cash ($)(1) | Equity($)(2) | Perquisites / Benefits($)(3) | Total ($) |
|---|---|---|---|---|
| E. Nelson Mills | 5,981,736 | 11,753,362 | 64,438 | 17,799,536 |
| James A. Fleming | 3,171,001 | 3,507,616 | 42,959 | 6,721,575 |
| Jeffrey K. Gronning | 2,583,106 | 6,092,718 | 47,102 | 8,722,925 |
| Kevin A. Hoover | 1,445,407 | 1,586,373 | 31,401 | 3,063,182 |
| Wendy W. Gill | 1,070,921 | 1,427,245 | 31,401 | 2,529,567 |

**The Proxy Statement Contains Material Misstatements or Omissions**

31. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Columbia's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction.

32. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley.

*Material Omissions Concerning the Company's Financial Projections*

33. The Proxy Statement omits material information regarding the Company's financial projections.

34. The Proxy Statement states that:

> In March 2021, our management team prepared certain forward-looking financial information for Columbia on a consolidated basis for 2021 through 2025, and this information was made available to our board of directors and to Morgan Stanley, as well as to representatives of participants in our strategic review process, including the PIMCO Funds, on a consolidated basis for 2021 through 2024. In June 2021, this information was updated to provide forward-looking financial information for Columbia on a consolidated basis for 2026, in addition to 2021 through 2025 (we refer to such information for 2021 through 2026 as the "Columbia Projections").

Proxy Statement at 38. The Proxy Statement fails, however, to disclose the March projections or, in the alternative, quantification of the changes made to the March projections to arrive at the Columbia Projections.

35. The Proxy Statement also fails to disclose all line items underlying the calculation of: (i) Property Cash NOI; (ii) Adjusted EBITDA; (iii) Normalized FFO per Share; (iv) AFFO per Share; and (v) unlevered free cash flow.

36. The omission of this material information renders the statements in the "Certain Unaudited Financial Projections" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

37. The Proxy Statement omits material information regarding Morgan Stanley's financial analyses.

38. The Proxy Statement describes Morgan Stanley's fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of Morgan Stanley's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Columbia's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on

Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

39. With respect to Morgan Stanley's *Research Analyst Price Targets and NAV Targets* analysis, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

40. With respect to Morgan Stanley's *Comparable Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the comparable companies observed by Morgan Stanley in the analysis.

41. With respect to Morgan Stanley's *Premiums Paid Analysis*, the Proxy Statement fails to disclose the individual premiums for each of the transactions observed.

42. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the forecasted net operating income of Columbia for the 12 months ending December 31, 2026 used to calculate the terminal values for the Company; (ii) quantification of the range of terminal values for Columbia; (iii) quantification of the inputs and assumptions underlying the discount rates ranging from 6.6% to 7.7%; (iv) Columbia's outstanding debt, non-controlling interests, and outstanding cash, all as provided by Company management; and (v) the number of fully diluted shares of Company common stock used in the analysis.

43. With respect to Morgan Stanley's *Net Asset Value Analysis*, the Proxy Statement fails to disclose: (i) Columbia management's estimates of asset value for its operating real estate; (ii) Columbia management's estimates of asset value for its development in progress; (iii) quantification of the estimated value of Columbia's cash, investment management and asset management platform, and other tangible assets; and (iv) quantification of the Company's debt and other liabilities.

44. With respect to Morgan Stanley's *Private Buyer Analysis*, the Proxy Statement fails to disclose net operating income from June 30, 2021, through December 31, 2025.

45.     The omission of this material information renders the statements in the "Opinion of Our Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

46.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Columbia will be unable to make an informed voting decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

47.     Plaintiff repeats all previous allegations as if set forth in full.

48.     During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

49.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

50. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

51. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

52. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act**

53. Plaintiff repeats all previous allegations as if set forth in full.

54. The Individual Defendants acted as controlling persons of Columbia within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Columbia, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

55. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

57.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

58.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

59.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Columbia's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Columbia, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Columbia stockholders;

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: November 11, 2021

**WEISSLAW LLP**
Joel E. Elkins

By: */s/ Joel E. Elkins*

Joel E. Elkins
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90017
Telephone: 310/208-2800
Facsimile: 310/209-2348
    -and-
Richard A. Acocelli
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 212/682-3025
Facsimile: 212/682-3010

*Attorneys for Plaintiff*